U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED

SEP 1 8 2002

ROBERT H. SHEMWELL, CLERK
BY _____
DEPUTY

TROY J. LEMAIRE and                    :     15TH JUDICIAL DISTRICT COURT
JOSEPH C. ROBERTS, JR.

VS. NO. _78458 - C_                    :     PARISH OF VERMILION

HALLIBURTON ENERGY SERVICES,
INC.                                   :     STATE OF LOUISIANA

FILED: _____                :
                                             DEPUTY CLERK

**CV02-2005-LO
JUDGE DOHERTY
MAGISTRATE JUDGE HILL**

## PETITION FOR WAGES, PENALTIES AND ATTORNEY'S FEES

The petition of TROY J. LEMAIRE and JOSEPH C. ROBERTS, JR., competent persons and of the full age of majority, who respectfully represents that:

1.

Made defendant herein is HALLIBURTON ENERGY SERVICES, INC., a foreign corporation, authorized and doing business in the State of Louisiana, who may be served through their registered agent for service of process, C.T. Corporation System, 8550 United Plaza Boulevard, Baton Rouge, Louisiana, 70809.

2.

The plaintiffs are former employees of HALLIBURTON ENERGY SERVICES, INC., at facilities located in Vermillion Parish, Louisiana, in Freshwater City. Plaintiffs file on behalf of themselves and all of the hourly employees working, or who have worked in the last three (3) years at the Freshwater City, Louisiana facility; the Berwick, Louisiana facility; and the Intracoastal City, Louisiana facility.

3.

Each of the plaintiffs and each of the members of the class whom plaintiffs seek to represent were employed and paid on an hourly basis by defendant, HALLIBURTON ENERGY SERVICES, INC. At all times during their employment with defendant, plaintiffs worked on a scheduled which required them to work seven days where they slept at the defendant's facility, and then plaintiffs were off for seven days. In general, during the time when they were working for the company at the facility location for the seven days in which they were on call, they worked in excess of eighty (80) hours during that one week period.



During this time, plaintiffs should have been paid under the Fair Labor Standards Acts of 1938, specifically, 29 U.S.C. § 207 which requires that employees be paid one and half times their rate of pay for all hours over forty hours that are worked in a work week. Plaintiffs were paid overtime, i.e. 1.5 times their regular wages, only for hours worked over eighty (80) hours, even though, in normal pay periods, they worked no hours in the second week of each pay period. Plaintiffs, by being paid only 1.5 times their wages after eighty (80) hours were thus shorted by one-half (½) of their regular pay for forty (40) hours for each pay period during which they worked for the company since the beginning of their work with the company.

4.

Plaintiffs herein will fairly and adequately protect the interest of the class in that their interest are to recover on behalf of the class sufficient funds to pay each member of the class for the overtime wages that were lost during each employees time of employment with the company.

5.

The members of the class although easily identifiable are so numerous that joinder of each member of the class, or representation of each member of the class in an individual lawsuit is impractical.

6.

The question of law presented as to whether or not time and a half pay is due after eighty (80) hours as plaintiffs were paid, or whether it was due after forty (40) hours as plaintiffs contend and is the common issue of law for all of the class. In addition, both a plaintiff's claim and the defendant's defense is typical of all of the claims and defenses of the class.

7.

Plaintiffs have terminated their relationship with defendant, but despite that fact, they were not paid the correct wages at their termination, thus are entitled to penalties in the form of ninety (90) days of wages and payment of all of their attorney's fees, plus all costs of this proceeding.

WHEREFORE, plaintiffs pray that:

I.    Their action be recognized as a class action on behalf of all individuals who worked on an hourly basis with seven days on and seven days off, at the facilities operated by defendant, HALLIBURTON ENERGY SERVICES, INC., located in Berwick, Intracoastal City and Freshwater City, Louisiana, from the time that they assumed operational control of each facility, until the present;

II.    They be recognized as representative parties who will fairly and adequately protect the interest of the class;

III.    After due proceedings are had, they be granted judgment in favor of themselves and each member of the class against the defendant, HALLIBURTON ENERGY SERVICES, INC., in the full amount of one-half of their wages for forty (40) hours in each pay period since each employee was employed at either the Berwick, Intracoastal City and Freshwater City, Louisiana facility plus legal interest thereon from date of judicial demand until paid in full;

IV.    Plaintiffs be granted judgment against defendants, HALLIBURTON ENERGY SERVICES, INC., for penalties in the amount of ninety (90) days wages for each member of the class who has left the employment of defendant for failing to make payment timely after demand, plus legal interest thereon from date of judicial demand until paid in full;

V.    Plaintiffs be granted judgment against defendant, HALLIBURTON ENERGY SERVICES, INC., for reasonable attorney's fees to be fixed by this Honorable Court and for all costs of these proceedings, plus legal interest thereon from date awarded until paid in full; and

VI.    For any further legal and equitable relief the Court deems necessary and proper.

**Please serve:**

**HALLIBURTON ENERGY SERVICES, INC.**
**through their registered agent**
**C.T. Corporation System**
**8550 United Plaza Boulevard**
**Baton Rouge, Louisiana   70809**

A TRUE COPY

ATTEST: _____
Deputy Clerk of Court
Vermilion Parish, LA

By their attorney,

LEONARD KNAPP, JR.
(A Professional Law Corp.)

By: _____
LEONARD KNAPP, JR.
Attorney for Plaintiffs
P.O. Box 1665
130 W. Broad Street
Lake Charles, LA 70601
(337) 439-1700
State Bar Roll #: 07144